
c/r
9.30.19

USAO2016R00307/MCH:

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 OCT -2 PM 3:55

CLERK'S OFFICE
AT BALTIMORE

BY_____/_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. SAG-19-0462 |
| v. | * | (Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, 21 U.S.C. § 846; Forfeiture, 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c)) |
| COLBY LEWIS, | * | |
| Defendant. | * | |
| | *** | |

## INDICTMENT

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury, but no later than in or about 2015, and continuing until in or about June 2016, in the District of Maryland and elsewhere, the defendant,

**COLBY LEWIS,**

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

2. As a result of the offense set forth in Count One incorporated here, the defendant shall forfeit:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

## Substitute Assets

4. Pursuant to Title 21, United States Code, Section 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property charged with forfeiture in the paragraphs above.

21 U.S.C. § 853
18 U.S.C. § 982(a)(1)
28 U.S.C. § 2461(c)

_____
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

October 2, 2019
Date